First National Bank & Trust Company of Evanston, a National Banking Association, Plaintiff-Appellant, v. Rockenbach Chevrolet Sales, Inc., Defendant-Appellee.

Gen. No. 66–117M.

Second District.

July 20, 1967.

Zenoff, Westler, Jones and Kamm, of Chicago, for appellant.

Churchill and Baumgartner, of Grayslake, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

On May 28, 1965, one Jerry Brown received a loan from the plaintiff Bank in order to purchase a Chevrolet automobile from the defendant agency. Brown signed a note and security agreement and deposited same with the plaintiff. Thereupon, the plaintiff credited Brown's account with the amount in question and Brown made and delivered his check to the defendant agency. The check contained an endorsement on the reverse side stating that the check constituted payment in full for the automobile, indicating its serial number, and that the payee warranted that he had good title and that, in the Bill of Sale and Application for Certification of Title, he had shown a lien in a specified amount in favor of the plaintiff Bank and indicated that on said application the Certificate of Title would be sent to the plaintiff Bank. The defendant endorsed and cashed the check.

Thereafter, application for Title was made by the defendant, but when the Title was issued by the Secretary of State it contained no notation of the plaintiff's lien and the Title itself was mailed to Brown. It now appears that Brown has defaulted on his note to plaintiff, has sold the car and also made himself unavailable.

Plaintiff filed its complaint in the Magistrate Division of the Circuit Court of Lake County alleging the execution of the note and security agreement and the delivery of the check by Brown to the defendant agency. Plaintiff then alleges that the defendant negligently failed to note plaintiff's lien upon the Title Application, permitting the Secretary of State to issue the Title, absent the lien notation.

The defendant filed a Motion to Dismiss on the grounds that there was no privity of contract between plaintiff and defendant. The Magistrate granted the Motion on that ground and dismissed the case.

██ ██ An examination of the complaint reveals that the appellant inarticulately attempted to plead the common-law action of trespass on the case—negligence, and whether or not he did so properly was not raised before the trial court or this court. The appellee, as stated before, by motion in the trial court and by argument in this court, argues that, since there is no privity between the parties, the trial court was correct in dismissing the suit. However, the duty to exercise ordinary care, upon which a negligence action is based, does not depend upon contract, privity of interest, or the proximity of relationship. Kahn v. James Burton Co., 5 Ill2d 614, 622, 126 NE2d 836 (1955) ; Westlake Finance Co. v. Oak Park Motors, 19 Ill2d 66, 166 NE2d 23 (1960).

It is therefore necessary to conclude that the trial court erred in dismissing the appellant's complaint on the basis of privity and this case must be reversed and remanded for further proceedings, consistent with the views expressed herein.

Reversed and remanded.

DAVIS P. J. and ABRAHAMSON, J., concur.